UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
JOHN J. TORPEY, JOHN ENRIGHT,
CHRISTOPHER SHEERAN, PATRICK DOLAN, JR.,
PATRICK NORTON, VINCENT J. CURRAN, JR.,
ROBERT EGAN, JR., WILLIAM WANGERMAN,           :  Civil
RAYMOND DEAN, JR., JOHN O'CONNELL,             :  Action No.: 10 CIV 9521
JAMES ELDER, RAYMOND HOPKINS, EDWARD
ENGLISH, RICHARD ROBERTS, KENNETH DURR,
JOHN DIERKS, RALPH MONTUORO JR., RICHARD       :  COMPLAINT
THOMPSON, PETER C. VRANKOVIC, ANTHONY
SAPORITO, ROBERT McMORROW and WILLIAM
McMORROW, SR., as TRUSTEES OF THE
STEAMFITTERS LOCAL 638 PENSION FUND,
SUPPLEMENTAL RETIREMENT FUND,
SECURITY BENEFIT FUND, VACATION FUND
AND EDUCATIONAL FUND and ENTERPRISE
ASSOCIATION OF PIPE FITTERS AND
APPRENTICES OF GREATER NEW YORK,
NASSAU AND SUFFOLK COUNTIES AND
VICINITY LOCAL UNION 638 OF THE UNITED
ASSOCIATION OF JOURNEYMEN AND
APPRENTICES OF THE PLUMBING AND PIPE
FITTING INDUSTRY OF THE UNITED STATES
AND CANADA, AFL-CIO,
                                    Plaintiffs,
           - against -

CMA MECHANICAL CONSTRUCTION CORP.,

                                    Defendant(s)
------------------------------------------------------X



   Plaintiffs, by their attorneys, COLLERAN, O'HARA & MILLS L.L.P. complaining of Defendant(s), respectfully allege:

## JURISDICTION AND VENUE

   1.   Jurisdiction is conferred upon this Court by the Employee Retirement Income Security Act of 1974, as amended, (hereinafter "ERISA") Sections 502 and 515, 29 U.S.C. §§ 1132 and 1145; and the Labor Management Relations Act (hereinafter "LMRA") as amended, Section 301, 29 U.S.C. § 185.

1

2.  Venue within this district is proper pursuant to LMRA Section 301, 29 U.S.C. § 185; ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2); and 28 U.S.C. Section 1391(b).

## NATURE OF ACTION

3.  This action is brought by a labor union and fiduciaries of welfare and pension benefit plans established pursuant to and in accordance with the requirements of the LMRA Section 302, as amended, 29 U.S.C. Section 186 ("Taft Hartley" plans) to enforce the relevant provisions of the enabling trust agreements, applicable collective bargaining agreements and statutory obligations imposed on defendant by ERISA Section 515, 29 U.S.C. § 1145 and LMRA Section 301(a), 29 U.S.C § 185(a).

4.  Plaintiffs, JOHN J. TORPEY, JOHN ENRIGHT, CHRISTOPHER SHEERAN, PATRICK DOLAN, JR., PATRICK NORTON, VINCENT J. CURRAN, JR., ROBERT EGAN, JR., WILLIAM WANGERMAN, RAYMOND DEAN, JR., JOHN O'CONNELL, JAMES ELDER, RAYMOND HOPKINS, EDWARD ENGLISH, RICHARD ROBERTS, KENNETH DURR, JOHN DIERKS, RALPH MONTUORO JR., RICHARD THOMPSON, PETER C. VRANKOVIC, ANTHONY SAPORITO, ROBERT McMORROW and WILLIAM McMORROW, SR, AS TRUSTEES OF THE STEAMFITTERS LOCAL 638 PENSION FUND, SUPPLEMENTAL RETIREMENT FUND, SECURITY BENEFIT FUND, VACATION FUND AND EDUCATIONAL FUND (hereinafter "TRUSTEES" or "FUNDS") are, at all relevant times, fiduciaries within the meaning of ERISA Section 3(14)(A) and 502 of employee welfare benefit plans and employee pension benefit plans as defined in ERISA Section 3(1) and (2), 29 U.S.C. Sections 1002(1) and (2), established and maintained by employers engaged in commerce and

by a labor organization representing employees engaged in commerce and in an industry affecting commerce, and, further, qualify as multi-employer plans within the meaning of ERISA Section 3(37)(A), 29 U.S.C. § 1002(37)(A), with its principal offices located at 5 Penn Plaza, New York, New York 10001. Plaintiff, ENTERPRISE ASSOCIATION OF PIPE FITTERS AND APPRENTICES OF GREATER NEW YORK, NASSAU AND SUFFOLK COUNTIES AND VICINITY LOCAL UNION 638 OF THE UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY OF THE UNITED STATES AND CANADA, AFL-CIO, (hereinafter "LOCAL 638") located at 32-32 48th Avenue, Long Island City, New York, is and was, and at all relevant times, a labor organization within the meaning of LMRA Section 301(a), 29 U.S.C § 185(a).

5. Defendant, CMA MECHANICAL CONSTRUCTION CORP., (hereinafter "CMA" or "DEFENDANT"), upon information and belief, is and was, and at all relevant times, a corporation or group of corporations duly organized and existing pursuant to the laws of the State of New York with its principal places of business at 38-36 Crescent Street, Long Island City, New York and/or 10-01 37th Avenue, Long Island City, New York 11101.

6. CMA is and was, and at all relevant times, engaged in an industry affecting commerce and is an "employer" within the meaning of the National Labor Relations Act (hereinafter "NLRA") Sections 2(2) and 301(a), 29 U.S.C. §§ 152(2) and 185(a), and ERISA Sections 3(5) and 515, 29 U.S.C. §§ 1002(5) and 1145.

7. CMA has and continues to operate as a company with a collective bargaining agreement ("CBA") with LOCAL 638 and under

the CBA; CMA is required to make fringe benefit contributions to the FUNDS for employees who perform covered work for CMA. However, much of the covered work is performed by employees for whom no contributions were made to the FUNDS.

8. By reason of this subterfuge, the FUNDS have been damaged in the contributions amount of approximately ONE HUNDRED THIRTY TWO THOUSAND EIGHT HUNDRED SEVENTY THREE DOLLARS ($132,873.00).

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST DEFENDANTS

9. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "8" of this Complaint with the same force and effect as through the same were set forth at length herein.

10. At all relevant times, CMA, is in a collective bargaining relationship with LOCAL 638.

11. By reason of the aforementioned, at all relevant times, CMA was and remains bound by the terms and conditions of the applicable collective bargaining agreements and trust agreements.

12. The applicable collective bargaining agreements and trust agreements provide, <u>inter alia</u>, for an employer to submit to an audit of its books and records and to pay contributions to the FUNDS on behalf of its employees who perform covered employment under such agreements.

13. Since November 6, 2008 through the present, employees of CMA have performed covered employment on behalf of CMA. CMA has consistently underreported the number of hours of covered

work by many of its employees.

14. CMA has breached the applicable collective bargaining agreements and trust agreements by failing, refusing or neglecting to make proper contributions to the FUNDS for the period July 1, 2008 through September 15, 2009 in a sum of approximately ONE HUNDRED THIRTY TWO THOUSAND EIGHT HUNDRED SEVENTY THREE DOLLARS ($132,873.00)

15. As a direct and proximate result of the CMA's breach of its contractual obligations, the Plaintiffs have been damaged in the sum of approximately ONE HUNDRED THIRTY TWO THOUSAND EIGHT HUNDRED SEVENTY THREE DOLLARS ($132,873.00) together with interest at the legal maximum rate since July 1, 2008, and liquidated damages in the amount of EIGHTY SIX THOUSAND FOUR HUNDRED SEVEN DOLLARS ($86,407.00) for a total of approximately TWO HUNDRED NINETEEN THOUSAND TWO HUNDRED EIGHTY DOLLARS ($219,280.00); plus reasonable attorneys fees, costs and disbursements to be determined by the court pursuant to ERISA Section 502(g), 29 U.S.C. § 1132(g).

AS AND FOR A SECOND CAUSE OF ACTION<br><u>AGAINST DEFENDANT</u>

16. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "15" of the Complaint with the same force and effect as though set forth at length herein.

17. The FUNDS are multi-employer plans as defined in ERISA Section 3(37)(A), 29 U.S.C. § 1002(37)(A).

18. Pursuant to the terms and conditions of the applicable

collective bargaining agreements and trust agreements, DEFENDANT, CMA is an employer obligated to make contributions to the various FUNDS at the rates established by the applicable collective bargaining agreements.

19. CMA is statutorily required to make contributions to the FUNDS pursuant to ERISA Section 515, 29 U.S.C. § 1145.

20. CMA has failed, neglected and/or refused to contribute to the FUNDS by consistently and deliberately underreporting hours to the FUNDS.

21. As a direct and proximate result of CMA's violation of its statutory duty to contribute to the FUNDS, Plaintiffs have been damaged in a sum of approximately ONE HUNDRED THIRTY TWO THOUSAND EIGHT HUNDRED SEVENTY THREE DOLLARS ($132,873.00) in unpaid contributions, together with statutory remedies including pre-judgment interest on the unpaid contributions, liquidated damages, reasonable attorneys' fees, costs and disbursements of this action pursuant to ERISA Section 502(g), 29 U.S.C. § 1132(g).

AS AND FOR A THIRD CAUSE OF ACTION
<u>AGAINST DEFENDANT</u>

22. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "21" of this Complaint with the same force and effect as though the same were set forth at length herein.

23. For the period from July 1, 2008 through the present date, others as yet unknown participants in the FUNDS performed covered employment on behalf of, CMA.

24. CMA has breached the applicable collective bargaining agreements and trust agreements by failing, refusing or neglecting to make contributions on behalf of these participants for covered work for the period July 1, 2008 through the present date, and as a result CMA has damaged the Plaintiff in an undetermined amount.

### AS AND FOR A FOURTH CAUSE OF ACTION
### AGAINST DEFENDANT

25. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "24" of this Complaint with the same force and effect as though the same were set forth at length herein.

26. Based on information and belief, CMA is the alter-ego of a number of double-breasted companies owned, operated and controlled by CMA and/or its owners/managers. These companies are known as CMA Plumbing & Heating Inc., Copper Plumbing & Heating, LLC and Copper II Heating & Plumbing, LLC. These entities perform covered work and operate to evade CMA's obligations to the FUNDS.

27. By reason of the above the UNION and the FUNDS have been damaged in an amount to be determined after a thorough review of the alter-ego companies' books and records, including, without limitation, interest, liquidated damages, attorneys fees and other statutory costs and fees.

WHEREFORE, plaintiffs demand Judgment against CMA:

(a) ON THE FIRST and SECOND CAUSES OF ACTION:

-For approximately ONE HUNDRED THIRTY TWO THOUSAND EIGHT HUNDRED SEVENTY THREE DOLLARS ($132,873.00) in unpaid contributions to the FUNDS against CMA;

-For other damages consisting of interest at the legal maximum rate since July 1, 2008 liquidated damages, reasonable attorneys' fees and the costs and disbursements of this action for a total amount of approximately TWO HUNDRED NINETEEN THOUSAND TWO HUNDRED EIGHTY DOLLARS ($219,280.00) and

-For such other and further relief as to this Court deems just, proper and equitable.

(b) ON THE THIRD CAUSE OF ACTION:

-For an amount to be determined in unpaid contributions to the FUNDS against defendant;

-For Statutory damages against CMA consisting of pre-judgment interest and liquidated damages on the unpaid contributions to the FUNDS, reasonable attorneys' fees, and the costs and disbursements of this action; and

-For such other and further relief as to this Court deems just, proper and equitable.

(c) ON THE FOURTH CAUSE OF ACTION

-For an amount to be determined in unpaid contributions to the FUNDS for each hour of covered employment performed by CMA Plumbing & Heating Inc., Copper Plumbing & Heating, LLC and Copper II Heating & Plumbing, LLC.

-For Statutory damages against CMA Plumbing & Heating Inc., Copper Plumbing & Heating, LLC and Copper II Heating & Plumbing, LLC. consisting of pre-judgment interest, liquidated damages and attorney's fees and other costs and disbursements of this action.

-For such other and further relief as to this Court shall seem just, proper and equitable.

Dated:   Garden City, New York
         December 22, 2010

>Yours,
>
>COLLERAN, O'HARA & MILLS L.L.P.
>Attorneys for Plaintiffs
>
>By: _____
>Denis A. Engel (DAE-7796)
>1225 Franklin Avenue
>Suite 450
>Garden City, New York 11530
>(516) 248-5757
>dae@cohmlaw.com

TO: CLERK
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

CMA MECHANICAL CONSTRUCTION CORP.
38-36 Crescent Street
Long Island City, New York 11101
     -and-
10-01 37th Avenue
Long Island City, New York 11101

9